**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                        **Case No. 07-CR-320**

**CHARLES GRAF**
        **Defendant.**

---

### SENTENCING MEMORANDUM

Defendant Charles Graf pleaded guilty to possession of 500 grams or more of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1) & (b)(1)(B), and I set the case for sentencing. In imposing sentence, the court must first properly calculate the advisory sentencing guideline range, then select an appropriate sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See Gall v. United States, 128 S. Ct. 586, 596 (2007); United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007).

### I. GUIDELINE CALCULATION

The parties agreed to a base offense level of 32 under U.S.S.G. § 2D1.1(c), based on a relevant conduct drug weight of 5 to 13 kilograms. The parties further agreed that defendant qualified for a 3 level reduction for acceptance of responsibility, § 3E1.1, but that he had not provided sufficient information to qualify for the safety valve reduction under § 2D1.1(b)(11). Finally, the parties agreed with the pre-sentence report's conclusion that defendant fell in criminal history category I. I found these calculations correct and therefore adopted an imprisonment range of 87-108 months.

## II.  IMPOSITION OF SENTENCE

**A.    Section 3553(a) Factors**

In imposing sentence, the district court must consider all of the factors set forth in § 3553(a).  United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128 S. Ct. 963 (2008).  Those factors include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the advisory guideline range;

(5)    any pertinent policy statements issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute directs the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant.  Id.  In determining a sufficient sentence, the district court must give respectful consideration to the

2

guidelines, Gall, 128 S. Ct. at 594, but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007); United States v. Demaree, 459 F.3d 791, 794-95 (7th Cir. 2006), cert. denied, 127 S. Ct. 3055 (2007). Rather, after accurately calculating the advisory range so that it "can derive whatever insight the guidelines have to offer, [the district court] must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007).

**B. Analysis**

    **1. Nature of the Offense**

Law enforcement received information that a man known as "J" – later identified as Germaine Johnson – was selling cocaine out of his residence. Officers conducted surveillance, and on July 31, 2006, saw Johnson and defendant exit the residence, with defendant carrying a plastic bag. Defendant got in his car and drove to another location, where he sat parked for about ten minutes. Officers approached, got consent to search, and found over $24,000 cash in the bag and 125 grams of cocaine. Officers then executed a warrant at Johnson's residence and recovered $17,000 and a kilogram of cocaine.

In his initial post-arrest statement, defendant said that he was waiting in his car to meet "Marcus," his supplier, and that he had gone to Johnson's place to obtain an additional $3000 for the buy. Two days later, he admitted that he had obtained 2 kilograms of cocaine from "Joe," his Chicago supplier. He stated that he usually picked up between 5 and 13 kilograms at a time, fronted by Joe. He further stated that he sold Johnson the kilogram recovered from Johnson's residence, along with a second kilogram, and that he was picking up the money on

3

the day of his arrest.  He also said that he was planning to sell the 120 grams of cocaine found in his car to Marcus before he was approached by police.  He later arranged for his girlfriend to turn over an additional kilogram of cocaine, along with a firearm.

The government attributed 5-13 kilograms of cocaine to defendant based on his statement about what he received from his supplier.  This weight was also confirmed by Johnson, who stated that he obtained about 13 kilograms from defendant in the past.

### 2.     History and Characteristics of the Defendant

Defendant was thirty-eight years old and had no prior criminal record.  His only contact with the system was a municipal theft case from 1995.  He lived with his sixteen year old son, his mother, and his son's mother, who was disabled by multiple sclerosis.  He graduated high school, and while his employment record was a bit patchy, he had worked.  He served in the Marine Corp. in the early 1990's, including in the Gulf War.  He did not appear to have any significant substance abuse issues.  His family members who spoke to the PSR writer, along with his current girlfriend, made positive statements about him.

### 3.     The Guidelines and Purposes of Sentencing

As noted above, the guidelines called for a term of 87-108 months in this case.  The government requested a sentence within the range, while defendant requested a term closer to the mandatory minimum of 60 months.  Under all of the circumstances, I found a sentence slightly below the range sufficient but not greater than necessary.  In imposing this sentence I noted that defendant had never before been to prison for any period of time, so a sentence below the range would suffice to deter him from re-offending.  See United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005) ("Generally, a lesser period of imprisonment is required

to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend."). Relatedly, I noted the Sentencing Commission's research suggesting that first offenders, like defendant, generally have a low recidivism rate. See U.S. Sentencing Commission, Recidivism and the "First Offender" 13-14, 26 (2004); see also United States v. Germosen, 473 F. Supp. 2d 221, 230 (D. Mass. 2007). I further considered defendant's positive personal qualities, including the care he provided for his son's mother and his prior military service.

These factors warranted some consideration, but a substantial prison sentence was still required to fully satisfy all of the purposes of sentencing. Defendant distributed a substantial amount of cocaine and benefitted from some favorable recommendations from the government pertaining to drug weight and firearm possession based on his early efforts to cooperate. Balancing all of these factors, I imposed a sentence of 78 months imprisonment. This sentence fell just 1 level below the range and thus created no unwarranted disparity.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for a term of 78 months. Upon release, I ordered him to serve four years of supervision, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

5