# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
    **Plaintiff-Respondent,**

  v.                                             **Case No. 07-CR-320**

**CHARLES GRAF**
    **Defendant-Petitioner.**

---

## DECISION AND ORDER

The government indicted defendant Charles Graf on a charge of possession of 500 grams or more of cocaine with intent to distribute, contrary to 21 U.S.C. § 841(a)(1) & (b)(1)(B). (R. 1.) On April 21, 2008, defendant pleaded guilty to the charge pursuant to an agreement with the government (R. 16, 18), and on November 26, 2008, I sentenced him to 78 months in prison (R. 33, 34). He filed no appeal.

On September 2, 2011, he filed a paper labeled: "Defendant Constitutional Guarantee Rights Under The Fifth Amendment's Grand Jury Clause Was Violated Because A Defective Plea Agreement Was Used In This Case. Defendant Submit This Motion Under The In Of Justice." (R. 40 at 1.) In the pleading, he claimed that he never saw the pre-sentence report; that he was not responsible for the amount of cocaine stated by the government, and that the pre-sentence report was not proper evidence; that the plea agreement contained errors, i.e. the use of female pronouns in referring to him; that his lawyer provided ineffective assistance in failing to correct the plea agreement, allowing defendant to make incriminating statements, failing to advise defendant of the offense, and inducing him to plead guilty based on an ambiguous plea agreement; and that he was sentenced for a crime not charged in the

indictment or plea agreement (which used female pronouns).[1]

Defendant provided no jurisdictional basis for the motion, but on review I noted that it appeared to present issues substantively within 28 U.S.C. § 2255(a). I therefore provided the notice and warnings required by Castro v. United States, 540 U.S. 375 (2003) and Henderson v. United States, 264 F.3d 709 (7th Cir. 2001). I gave defendant thirty days to withdraw the motion or to amend or supplement it so that it contained all of the § 2255 claims he believed he had. Finally, I noted that the motion cited cases concerning second or successive collateral attacks. Sanders v. United States, 373 U.S. 1 (1963); Moore v. Kemp, 824 F.2d 847 (11th Cir. 1987), vacated, Zant v. Moore, 489 U.S. 836 (1989). I explained that statutory changes had superseded the abuse of the writ analysis used in Sanders and Moore, see, e.g., Taylor v. Gilkey, 314 F.3d 832, 836 (7th Cir. 2002), but in any event, because this was defendant's first collateral attack, the bar on successive motions in 28 U.S.C. § 2255(h) appeared inapplicable. (R. 41.)

On October 7, 2011, defendant filed a document labeled "'Amended' Motion To This Honorable Court Under 2241 As It Relates To The Defendant Being Actually Innocent Of The Charges . . . Set Forth By The Government In The Plea Agreement." (R. 42 at 1.) In the amended motion, he argues that under Moore a colorable showing of factual innocence permits

---

[1] Defendant pointed to the following paragraph of the plea agreement:

> The defendant acknowledges, understands, and agrees that <u>she</u> is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts contained in Attachment A beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish <u>her</u> guilt beyond a reasonable doubt.

(R. 16 at 2 ¶ 5, emphasis added.)

2

consideration of a successive petition. (R. 42 at 2.) It is unclear why defendant continues to argue successive petition rules (or would need to invoke § 2241), when, as I told him, this is his first collateral attack on the judgment in this case. See generally Garza v. Lappin, 253 F.3d 918, 921-22 (7th Cir. 2001). Further, a § 2241 motion, even when brought by way of the savings clause of § 2255, would have to be filed in the district of confinement, rather than in the sentencing court.[2] See United States v. Prevatte, 300 F.3d 792, 799 (7th Cir. 2002). Given the nature of the claims set forth in the motion, and its filing in this court, I will analyze the amended motion under § 2255.

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 does not serve as a substitute for direct appeal, Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007), and provides relief based only on legal errors that are jurisdictional, constitutional, or constitute a fundamental defect which inherently results in a complete miscarriage of justice. E.g., United States v. Springs, 988 F.2d 746, 748 (7th Cir. 1993); Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1992); see also Young v. United States, 124 F.3d 794, 796 (7th Cir. 1997) (explaining that non-constitutional errors not amounting to a complete miscarriage of justice, which could have been raised on appeal but were not, are barred on collateral review regardless of cause and prejudice).

Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the district court must

---

[2]Defendant is confined in Terre Haute, Indiana.

conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Under this screening Rule, the district court may dismiss a § 2255 action without holding a hearing or requiring the government to respond if the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief. Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005).

In the amended motion, defendant states, without elaboration, that counsel failed to advise him of his appellate rights, that counsel had a conflict of interest, and that the totality of trial counsel's unprofessional errors and omissions constitute ineffective assistance. (R. 42 at 2-3.) Ineffective assistance claims may be raised for the first time under § 2255, see Massaro v. United States, 538 U.S. 500 (2003), but defendant's claims fail.

In order to establish ineffective assistance, defendant must show (1) that his attorney's performance was objectively deficient, and (2) that he was prejudiced by the sub-par representation. Strickland v. Washington, 466 U.S. 668, 687 (1984). To meet his burden on the performance prong, defendant must establish specific acts or omissions of his counsel falling outside the wide range of professionally competent assistance. Id. at 687-89. To demonstrate prejudice, defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. Neither prong can be established – and the court may dismiss an ineffective assistance claim without holding a hearing – if the defendant's allegations are vague or conclusory rather than detailed and specific. See, e.g., Bruce v. United States, 256 F.3d 592, 597 (7th Cir.

2001). Defendant fails to make specific allegations in support of any of the claims set forth above, or to explain how he suffered any prejudice based on counsel's alleged errors.[3]

Defendant also claims that his lawyer was ineffective and the prosecutor engaged in misconduct by presenting him with a plea agreement containing false and misleading statements. He argues that the indictment does not charge him with the same offense set forth in the plea agreement. (R. 42 at 3.) However, the only stated basis for his claim is the plea agreement's use, in one paragraph, of the pronouns "she" and "her." (R. 16 at 2 ¶ 5.) He points to no problems with the actual indictment, which the plea agreement correctly set forth in ¶ 4. (R. 16 at 1-2 ¶ 4.) Nor does he cite any authority for the proposition that this sort of typographical error in a plea agreement violates constitutional rights. Finally, he makes no argument that his plea to the indictment was involuntary or otherwise subject to collateral attack.

**THEREFORE, IT IS ORDERED** that defendant's amended motion (R. 42) is **DENIED**. The original motion (R. 40) is denied as moot. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. A COA may issue only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for

---

[3]The amended motion supersedes the original, see United States v. Cuevas-Chavez, 427 F. Supp. 2d 944, 946 (D. Ariz. 2006), but I note that the allegations in the original motion suffered from similar problems. Defendant provided no specifics regarding the alleged flaws in the pre-sentence report, what incriminating statements counsel allowed him to make, or how the use of female pronouns spoiled his understanding of the offense. Nor did he allege facts which, if proven, would show that his plea was involuntary or his sentence otherwise infirm.

5

making a substantial showing is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated above, jurists of reason would not disagree with my conclusions, so I decline to issue a COA in this case.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge